J. L. MOTT IRON WORKS v. CLOW et al.

(Circuit Court, N. D. Illinois. February 18, 1896.)

COPYRIGHT—ILLUSTRATIONS IN TRADE CATALOGUE.
    Under Act Cong. 1874, limiting the right of copyright to such cuts and prints as are connected with the fine arts, there can be no copyright on cuts contained in a trade catalogue, and not offered for copyright or to the public as works of fine art.

In Equity. On demurrer to bill.

Suit for injunction by the J. L. Mott Iron Works against J. B. Clow & Son.

Hamline, Scott & Lord, for complainants.

Newman, Northrup & Levison, for defendants.

GROSSCUP, District Judge. The bill is to enjoin infringement by defendants of complainants' copyright. The complainants, who

are manufacturers of bath tubs, have issued, from time to time, advertising sheets containing a description of their porcelain baths, the dimensions and prices of the same, and such other information as people in that trade are interested in. The sheets also contain cuts or prints of such baths as are offered to the trade. The defendants, engaged, among other things, in a like business, have also, from time to time, issued advertising sheets or books containing like information, and, in some cases, closely copying the prints or cuts of baths contained in complainants' sheets. A comparison of the exhibits makes it pretty manifest that some of these cuts or prints of the defendants have been copied by photographic processes, or otherwise, from the complainants' cuts or prints; and it is so averred in the bill. The defendants demur to the bill, for the reason that the matter therein set forth is not, in law, a proper subject-matter of copyright.

The cuts or prints shown in complainants' sheets, in connection with their ornamental settings, may have such artistic merit as would support a copyright if offered as a work of fine art. The statutes, as amended by the act of 1874, limit the right of copyright to such cuts and prints as are connected with the fine arts. But the bill does not show that the author or designer intended or contemplated these cuts and prints as works of fine art. No copyright was asked upon them separately from the advertising sheet of which they are a part. They are not offered to the public as illustrations or works connected with the fine arts, but are adjuncts simply to a publication connected with a useful art. The court will not supply an intention that the author or designer has not avowed, or give to the cuts or prints a character and purpose different from what their surroundings indicate.

The demurrer will therefore be sustained.